MARGARET CLARENTINE PILLOT, appellant,

*v.*

CHARLES G. LANDON, respondent.

1. The difference between executed and executory trusts in equity depends upon the manner in which the trust is declared. When the limitations and trusts are fully and perfectly declared, the trust is regarded as an executed trust; where, on the contrary, the creator of the trust, instead of fully declaring its limitations, expresses his intent in general terms, leaving the manner in which this intent is to be carried into effect substantially undeclared, the trust is regarded as executory.

Pillot v. Landon.

2. For practical purposes, the chief distinction between executed and executory trusts lies in the fact that the former executes itself by converting its limitations into the corresponding legal estates; whereas in the latter the court may direct that form of settlement or conveyance which will best give effect to the settler's intention, and for this purpose may even disregard the construction the instrument would receive at law.

3. In executory trusts the language of the settler is considered mainly as a guide to aid the court in carrying into effect his imperfectly declared purposes. In the executed trust the grantor has been his own conveyancer, and as the court cannot alter the estates he has conveyed, it will not speculate as to his presumable purposes with the view of impressing upon the language he has employed any other or different construction from that which the like form of expression would receive at law.

4. In settlements of personal property the rules derived from and applicable to inheritable tenures do not apply. In a gift of personalty to A for life and at her death to her heirs, "heirs" is not a word of limitation, but indicates the class in whom ownership is vested subject to the life interest.

On appeal from so much of the decree of the chancellor as denies the prayer of the answer in the nature of a cross-bill, and dismisses the same.

The bill in this case was filed by Charles G. Landon to be relieved from a trust. The trust was created by Benjamin H. Hutton in his lifetime by two instruments. One a mortgage covering certain lands in West Orange, Essex county, made to Robert J. Dillon, John N. Whiting and Charles G. Landon, trustees, reciting that it was made to secure to Margaret Clarentine Pillot, the appellant, the income of $30,000 during her natural life, and after her death the income to be paid to such person or persons as she should by her will, in writing, direct; and in case she should not make any such appointment, then that the principal sum should be paid to her heirs and their issue in equal shares.

The other instrument was a deed for a tract of land in West Orange to the said Robert J. Dillon, John N. Whiting and Charles G. Landon, in trust, to receive the rents and profits and apply the same to the use of the said Margaret Clarentine Pillot during her natural life, and after her death to convey the said tract of land by deed to such person or persons as she should

designate and appoint by her last will and testament.  Said deed also authorized the trustees, if it was deemed by them advisable, to sell the lands thereby conveyed, and to invest the proceeds and pay the income thereof to the said Margaret Clarentine Pillot during her natural life, and after her death to such person or persons as she should by will designate and appoint; and in case she should make no such designation or appointment, then that the principal be paid to her heirs or their issue in equal shares *per stirpes* and not *per capita.*

Robert J. Dillon and John N. Whiting are both deceased, and the respondent, Charles G. Landon, is the sole surviving trustee under both deed and mortgage.  He desires to be relieved from his trust upon the grounds set forth in the bill, and prays that a new trustee be appointed.  The appellant joins in the prayer that he be relieved, but opposes the appointment of a new trustee, and asks that the lands be conveyed and the mortgage be assigned to her freed from any trust whatsoever.

In an answer by way of cross-bill, the defendant sets up facts tending strongly to show that Mr. Hutton, the settler of the trusts, knowing that Miss Pillot's father had embarked moneys of hers in a business enterprise, succeeded in saving for her out of the wreck of her father's estate the sum of money now represented by the two trusts described in the bill.  It is chiefly upon this ground that she asks that the *corpus* of the trust estates be vested in her.

*Messrs. Babbitt & Lawrence,* for the appellant.

*Messrs. Cortlandt & Wayne Parker,* for the respondent.

The opinion of the court was delivered by

GARRISON, J.

In this case the trusts upon which the trustee is to hold the estate are all definitely and fully declared, and he has no duties to perform but to hold and convey accordingly.  The trusts are

such as are regarded as executed trusts in a court of equity, and the estates created by them and all the incidents connected therewith are the same as would arise in law upon a construction of the same language.

In such cases it is futile to inquire into the presumable intentions of the settler with a view to impressing upon the equitable estates he has thus created other and different qualities from those which under like forms of expression would obtain at law.

The difference between executed and executory trusts depends upon the manner in which the trust is declared. When the limitations and trusts are fully and perfectly declared, the trust is regarded as an executed trust; when, on the contrary, the creator of the trust, instead of fully declaring its limitations, expresses in general terms his intent, leaving the manner in which this intent is to be carried into effect substantially undeclared, the trust is regarded as executory. *Cushing* v. *Blake, 3 Stew. Eq. 689.*

In practice the chief distinction between an executed and an executory trust lies in the fact that the former executes itself by converting its limitations into the corresponding legal estates, whereas in the latter the court may direct that form of settlement or conveyance which will best give effect to the settler's intention, and for this purpose may even disregard the construction the instrument would receive at law. In the executory trust the language of the settler is considered mainly as a guide to aid the court in carrying into effect his imperfectly declared purposes. In the executed trust the grantor has been his own conveyancer, and the equitable interests created by the language he has employed are treated as estates. In trusts of this latter kind the controlling inquiry is, not intention, but legal operation, and, as the court cannot alter the nature of the estates the grantor has created, it will not speculate as to those purposes which he has failed to effectuate.

In this view of the nature of the trusts now before us, it would not be profitable to consider at any length the claim advanced by Miss Pillot to the effect that Mr. Hutton in his lifetime had saved from the wreck of her father's property certain

moneys belonging to her which he took this method of securing to her.

The bill is filed by a trustee to be relieved of his trust, the creation of which is set up in the bill and admitted by the answer. If the facts now stated by the defendant amount to a claim against the grantor's estate for sums of money which in his lifetime he owed to her, this is not the form of action in which to establish it. Moreover, she has for more than fifteen years acquiesced in this trust and has accepted the benefits arising from it. If, on the contrary, the facts are recited as tending to show that it is equitable and just that she should have the *corpus* of the funds, and that such was the intention of the settler of the trust, that question cannot be now entertained, for the reason already given, viz., that these are not executory trusts, and that, as executed trusts, they do not bear the construction contended for.

The only remaining question is stated by counsel of appellant in their brief, as follows:

"That the trust being to Miss Pillot for life, after her death to such persons as she may by will appoint, and in default of such appointment to her heirs, she may extinguish the power and require that the body of the estate, both as to real and personal property, be vested absolutely in herself."

The principle which is thus sought to be applied to the present controversy may, I take it, be formulated thus: That where the only thing intervening between an estate for life and a remainder to the life tenant's heirs is a power of appointment, coupled with an interest and vested in the life tenant, the latter may, as the donee of such power, extinguish it and unite in himself the two elements of an inheritable estate.

The application of such a doctrine to the case in hand could result only from a misapprehension of the nature of the interests which the defendant took under the several instruments of trust. One of these instruments is a mortgage, by the terms of which the income of a certain principal sum is to be paid to Miss Pillot during her natural life, and after her death to such persons as she may by will appoint; in default of which appointment, the principal is to go to her heirs *per stirpes*. It was probably the

mortgagor's intention that the power of appointment by will should apply to the principal sum; indeed, he so recites in the mortgage, but in the *habendum* the clause appears to have only the effect I have ascribed to it. The matter, however, is of no significance, for the reason that this being a settlement of personal property the rules applicable to inheritances do not apply. If the gift had been entirely unembarrassed by the power, so that it stood to Miss Pillot for life and at her death to her heirs, the heirs would still indicate not a limitation of an absolute owner-ship in her, but a class of persons who would ultimately take. *Wms. Pers. Prop.* *205.

The other trust is contained in a deed of conveyance, by which Miss Pillot is given during life the income of the lands conveyed, with a power to appoint by will a conveyance after her death, subject, however, to be defeated by a power of sale vested in the trustee. The only effect of an extinguishment of her power of appointment under this deed would be a reversion to the heirs of the grantor. By a subsequent clause the trustee is instructed, in case of a sale, to invest the proceeds and to pay the income to Miss Pillot during her life, with a power of appointment by her similar in all respects to that contained in the mortgage. The relinquishment of this power could have no other effect than to vest the ultimate ownership of the fund in her heirs as a class of takers.

It results from these views, that the interest which Miss Pillot took under these trusts is a life interest in the income alone, and that by no act of hers and by no decree of this court can the principal sum in the one case, or the fee of the lands in the other, become vested in her.

The decree of the court of chancery is affirmed.

*For affirmance*—The Chief-Justice, Dixon, Garrison, Knapp, Magie, Van Syckel, Brown, Clement, Cole, McGregor, Smith, Whitaker—12.

*For reversal*—None.